UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARLENE ANN MONGOLD,

                      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                      Defendant.

_____

**DECISION AND ORDER**

Case No. 1:12-CV-00289(A)(M)

        This case was referred to me by Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b)(1)(B) for all pretrial proceedings [11].[1]  Before me is defendant's motion [5] to transfer the venue of this action to the United States District Court for the Eastern District of North Carolina, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(3).[2]  For the following reasons, the motion is granted.

**BACKGROUND**

        In this action, brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff challenges defendant's decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Complaint [1].  The Complaint alleges ([1], ¶4), and

---

    [1]    Bracketed references are to the CM/ECF docket entries.

    [2]    "An order to change venue is a non-dispositive order". Williams Advanced Materials, Inc. v. Target Tech. Co., LLC, 2007 WL 2245886, *3 (W.D.N.Y. 2007) (Arcara, J.). See also Alessandra v. Colvin, 2013 WL 4046295, *2 (W.D.N.Y. 2013) (Scott, M.J.) (same).

1

plaintiff does not dispute (plaintiff's Memorandum of Law [7], p. 1), that she currently resides in Wilmington, North Carolina.

## ANALYSIS

In seeking to transfer venue of this case to the Eastern District of North Carolina, where plaintiff resides, defendant relies upon 42 U.S.C. §405(g)[3], which states:

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. *Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides,* or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." (Emphasis added).

Thus, "[w]here, as here, the complaint is not filed in the judicial district in which plaintiff resides, transfer of the action to the appropriate venue is warranted." Smart v. Astrue, 2012 WL 2856127, *1 (W.D.N.Y. 2012) (Skretny, J.).

Plaintiff does not dispute defendant's recitation of §405(g). Plaintiff's Memorandum of Law [7], p.1. Instead, she argues that venue in this district is proper under 28 U.S.C. §1391(b), the general venue statue, since "all . . . of the underlying events took place in this district", including the filing of her initial application for benefits, medical treatment, and administrative hearing. Plaintiff's Memorandum of Law [7], pp. 2-3. However, plaintiff overlooks the introductory paragraph of 28 U.S.C. §1391, which states "*[e]xcept as otherwise*

---

[3] 42 U.S.C. §405(g) is also made applicable to SSI cases by 42 U.S.C. §1383(c)(3). *See* Frye ex rel. A.O. v. Astrue, 485 Fed. Appx. 484, 486 (2d Cir. 2012) (Summary Order).

2

*provided by law* . . . this section shall govern the venue of all civil actions brought in district courts of the United States." (Emphasis added).  Since "[t]he Social Security Act specifically has its own venue provision, 42 U.S.C. §405(g), . . . the general §1391(b) venue provision is not applicable." Alessandra, 2013 WL 4046295 at *2.  *See* Wright v. Commissioner of Social Security, 2008 WL 2246043 *2 n.1 (E.D. Mich. 2008) ("The general venue statute does not apply to the instant matter because it provides a civil action against an officer or employee of the United States or any agency of the United States 'may, **except as otherwise provided by law**, be brought in any judicial district' in which a defendant resides, or a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §1391(e) . . . . Section 402(g) obviously provides otherwise in civil actions where review of the final decision of the Commissioner of the Social Security Administration is sought" (emphasis in original)).

## CONCLUSION

For these reasons, defendant's motion [5] to transfer venue is granted.  The clerk of this court is instructed to transfer this action to the United States District Court for the Eastern District of North Carolina.

SO ORDERED.

Dated: August 16, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

3